# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JANE FIELY**<br>3192 State Route 219<br>Coldwater, Ohio 45828<br><br>    **Plaintiff,**<br><br>vs.<br><br>**ESSEX HEALTHCARE CORPORATION**<br>c/o CT Corporation Systems,<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>And<br><br>**ATRIUM LIVING CENTERS, INC.**<br>c/o CT Corporation Systems,<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>    **Defendants.** | **CASE NO.:**<br><br>**Judge**<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>Widman & Franklin, LLC<br>John D. Franklin (0055359)<br>Kera L. Paoff (0082674)<br>405 Madison Ave., Suite 1550<br>Toledo, Ohio 43604<br>Ph.: (419) 243-9005<br>Fax: (419) 243-9404<br>john@wflawfirm.com<br>kera@wflawfirm.com<br><br>**Attorneys for Plaintiff,<br>Jane Fiely** |

Now comes Plaintiff, Jane Fiely, complaining of Defendants, Essex Healthcare Corporation and Atrium Living Centers, Inc., and alleges as follows:

## PARTIES

1. Plaintiff Jane Fiely ("Fiely") is an individual citizen of the State of Ohio, residing in the City of Coldwater, County of Mercer.

2. Defendant Essex Healthcare Corporation ("Defendant Essex") is a foreign corporation organized under the laws of the State of Delaware.

3. Defendant Atrium Living Centers, Inc. ("Defendant Atrium") is a foreign corporation organized under the laws of the State of Delaware.

4. Defendants Essex and Atrium (collectively referred to herein as "Defendants") are engaged in the business of owning, managing, and/or operating nursing, rehabilitation, and residential care facilities licensed by and located within the State of Ohio through a partnership, joint venture, association or other affiliation.

5. Among other facilities, Defendants jointly own and operate a nursing home facility under the name of St. Mary's Living Center, located in St. Mary's, Auglaize County, Ohio (referred to herein as "St. Mary's").

6. Defendants jointly employ nurses, including, but not limited to nurses, to staff its facilities, including, but not limited to St. Mary's.

## JURISDICTION AND VENUE

7. This suit is authorized and instituted pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§2601 *et seq.*, providing for relief from termination or change in employment status based on a necessity for the employee to take a leave of absence due to the employee suffering from a chronic/serious health condition and prohibiting an employer from interfering with, restraining, or denying an employee the exercise of rights provided under the FMLA, and making it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

8. Jurisdiction over Count One alleged herein is conferred upon this Court by 28 U.S.C. § 1331 because these claims arise out of the laws of the United States. This Court also has jurisdiction over Count One pursuant to 29 U.S.C. § 626. This Court further has supplemental jurisdiction over Fiely's state law claims.

9. Venue is properly laid in the Northern District of Ohio, Western Division because the claims alleged herein arose in Auglaize County, Ohio and Defendants are doing business within the jurisdiction of the Court.

## FACTUAL ALLEGATIONS

10. Defendants were, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar years.

11. Defendants, therefore, are employers as defined under the FMLA in 29 U.S.C. § 2611(4) and under O.R.C. § 4112.01(A)(2).

12. Fiely began her employment with Defendants in February of 2005 and most recently held the position of Director of Nursing at St. Mary's.

13. Fiely was hired by Defendants' Chief Operating Officer, Jason Reese ("Mr. Reese").

14. At the time of her termination, Fiely was sixty-three (63) years old.

15. During the course of her employment, Fiely had an excellent work record and was well qualified for the positions she held.

16. During the course of her employment, Fiely was subjected to discriminatory conduct and ageism.

17. By way of example, in or around early April of 2013, Fiely was contacted by St. Mary's Administrator, Lorraine Fischio ("Ms. Fischio"), who asked Fiely when she was going to retire and that she (Ms. Fischio) could get Fiely a "good retirement package."

18. Fiely complained about the discriminatory conduct to Defendants' Director of Operations, Barry Durossett ("Mr. Durossett").

19. Rather than remedy the situation, Defendants terminated Fiely's employment on April 25, 2013.

20. Prior to Fiely's termination, on Friday, April 19, 2013, she became seriously ill and informed Defendants that she was not feeling well.

21. Fiely was unable to work from that Friday evening until the morning of Thursday, April 25, 2013 – the date on which she was terminated.

22. On Monday, April 22, 2013, Fiely informed Defendants that she was still sick from the previous Friday and saw her physician who prescribed her medication and certified her to be off from work until Thursday, April 25, 2013.

23. Following her termination, Fiely's position was filled by a substantially younger, less qualified individual and/or her termination permitted the retention of persons who are substantially younger than Fiely.

## COUNT ONE
## Violation of FMLA
## 29 U.S.C. §§2601 et seq.

24. At all times relevant herein, Fiely was employed by Defendants for at least twelve (12) months and had at least one thousand two hundred fifty (1250) hours of service with Defendants and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

25. Defendants violated the provisions of 29 U.S.C. §§2601 et seq. including 29 U.S.C. §2615 by interfering with, restraining or denying Fiely the exercise of rights provided under the FMLA and/or retaliating against Fiely by discharging her for asserting or otherwise exercising his rights under the FMLA.

26. As a direct and proximate result of Defendants' conduct, Fiely has been damaged. Fiely has suffered:

    a. Lost wages;

    b. Loss of pension benefits;

    c. Loss of insurance benefits;

    d. Loss of other fringe benefits;

    e. Loss of future earnings and front pay; and

    f. Time and money in endeavoring to protect herself from Defendants' violation of the FMLA, including costs and reasonable attorney's fees of this action.

## COUNT TWO
## Age Discrimination
## Ohio Revised Code §4112.02(A) and (N) and §4112.99

27. Defendants acted with ill will and malice towards Fiely with regard to her legal rights by discriminating against her with regard to terms, conditions or privileges of employment by terminating her employment, for which she was qualified, because of her age.

28. As a direct and proximate result of Defendants' conduct, Fiely has been damaged. Fiely has suffered:

   a. Lost wages;

   b. Loss of pension benefits;

   c. Loss of insurance benefits;

   d. Loss of other fringe benefits;

   e. Loss of future earnings and front pay;

   g. Loss of the opportunity to continue the gainful employment in which she had been engaged; and

   h. Time and money in endeavoring to protect herself from Defendants' unlawful discrimination, including costs and reasonable attorney's fees of this action.

**WHEREFORE,** Fiely prays as follows:

  A. That this Court award such equitable relief as is proper as compensation for Fiely's loss of the opportunity to engage in gainful employment, including relief in the form of front pay;

  B. That this Court award Fiely an amount to be determined at trial as compensation for her loss of the opportunity to engage in gainful employment, for future earnings, for humiliation, embarrassment, and loss of reputation;

  C. That this Court award Fiely an amount to be determined at trial as compensation for lost pension, insurance and other fringe benefits;

  D. That this Court award Fiely back pay from the date of trial with interest;

  E. That this Court award Fiely liquidated damages;

  F. That this Court award Fiely compensatory and punitive damages;

  G. That this Court award Fiely reasonable attorney's fees and the costs of this action;

  H. That this Court find Defendants' conduct was neither reasonable and/or done in good faith; and

  I. That this Court grant Fiely such other and further relief as may be just and equitable, including an Order that she be immediately reinstated to her former position.

            Respectfully submitted,

            s/ John D. Franklin
            John D. Franklin
            Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**

<u>s/ John D. Franklin</u>
John D. Franklin
