UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE FIELY, | ) | Case No. 3:13-cv-02005 |
| | ) | |
| Plaintiff, | ) | Judge Carr |
| | ) | Mag. Judge Armstrong |
| v. | ) | |
| | ) | **DEFENDANT'S ANSWERS TO** |
| ESSEX HEALTHCARE, | ) | **PLAINTIFF'S FIRST SET OF** |
| CORPORATION, et al. | ) | **INTERROGATORIES DIRECTED TO** |
| | ) | **DEFENDANT ESSEX HEALTHCARE** |
| Defendants | ) | **CORPORATION.** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Essex

Healthcare Corporation ("Essex" or "Defendant"), by counsel, answer Plaintiff's First Set of

Interrogatories ("Interrogatories") as follows:

### Objections Applicable To Each Answer

Each interrogatory answer is subject to these general objections, all of which expressly

are preserved and not waived, whether or not stated in individual answers.

1.       Defendant objects to the Interrogatories to the extent they purport to impose any

requirements different from or in addition to those provided by the Federal Rules of Civil

Procedure or the rules of this Court.

2.       Defendant bases its answers to the Interrogatories on the assumption that they do

not intend to seek information protected from discovery by the attorney-client privilege, the work

product doctrine, or other applicable privileges or immunities from discovery.  To the extent the

Interrogatories call for such information, Defendants object and claim the privileges and

protections specified above to the fullest extent provided by law.

3.      So far as Defendant is aware, according to the information and the records presently available to it, these responses are complete and correct.  Defendants reserve the right to object to the admissibility of any of these answers, responses, or documents produced or related matters in full or in part at trial or other hearing in this action, on any grounds, including, but not limited to, materiality and relevance.

4.      Defendant objects to the Interrogatories to the extent they seek any information not in their possession, custody, or control.

5.      Defendant objects to the Interrogatories to the extent that any are so vague, ambiguous, or lacking in particularity as to the information sought that more specific objections cannot be made, and Defendant reserves the right to clarify their objections and/or assert additional objections if and as Plaintiff provides sufficient detail upon which Defendant can reasonably reformulate its objections.

6.      To the extent Defendant has cited legal authority herein, such citation shall in no way be construed as limiting the authority on which Defendant may rely in supporting a specific objection.  Defendant specifically reserves the right to assert all existing legal authority in support of any objection made herein.

dms.us.54007518.02

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify by providing the full name, residential address, business address and position held in the business for all persons who assisted in preparing answers to these interrogatories.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that counsel for Defendant prepared these answers based on information provided by various individuals including, but not necessarily limited to, Barry Derossett, Regional Director of Operations.  She may be contacted through counsel for Defendant.  To the extent Interrogatory No. 1 seeks other or additional information, Defendant objects to Interrogatory No. 1 on the grounds that it is overbroad and seeks information protected from disclosure by the attorney-client privilege and/or work product protections.

**INTERROGATORY NO. 2:**  Identify all other complaints of FMLA violations, age discrimination or any other adverse employment action or condition from 2005 to the present, including as part of your answer the date of any filing, the Court or administrative agency, case number, case caption and disposition.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that, other than those Plaintiff has asserted in her Complaint in this lawsuit, it is not aware of any internal complaint, charge of discrimination, or state or federal lawsuit involving allegations of FMLA violations or age discrimination made or filed since January 1, 2005 by an employee who worked at St. Mary's Living Center.  To the extent Interrogatory No. 2 seeks other or additional information, Defendant objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Interrogatory No. 2 to the extent it seeks access to the theories and mental

dms.us.54007518.02

impressions of counsel or other information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

**INTERROGATORY NO. 3:**  Does Defendant Essex have insurance which covers claims of FMLA violations, age discrimination, or any other adverse employment action or condition, including General Liability and Umbrella insurance, Director and Officers Liability insurance, and/or Employment Practices Liability insurance?  If the answer to this interrogatory is in the affirmative, please provide a copy of each and every policy.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above, Defendant states that it maintains various kinds of insurance as required by law or otherwise and that for purposes of Plaintiff's claims in this case, it maintains insurance that covers employment-related claims and that it will produce a copy of its insurance policy.

**INTERROGATORY NO. 4:**  Identify all statements taken or received by Defendant Essex or any agent, excluding attorney(s), or employee of Defendant Essex either orally or in writing from any person who has any information or knowledge relating to Plaintiff's claims or to any defense of Defendant Essex, including as part of your answer the name, address and job title of person giving the statement, the date of such statement and the substance of the statement.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that it is producing statements received from multiple employees regarding Plaintiff's conduct, that responsive information can be found therein, and the requested information may be derived or ascertained by an examination of those and other documents that Plaintiff has requested Defendant to produce in this action, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.  Therefore, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to such documents.  To the extent Interrogatory No. 4 seeks other or additional information or documents, Defendant objects to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome.  Defendant further objects to Interrogatory No. 4 to the extent it seeks access to the theories and mental impressions of counsel

or other information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

**INTERROGATORY NO. 5:**

Please identify:

a.      Plaintiff's date of hire with Defendant Essex;

b.      Plaintiff's date of termination/separation with Defendant Essex;

c.      All jobs/positions Plaintiff held with Defendant Essex;

d.      Plaintiff's last rate of pay;

e.      Plaintiff's immediate supervisor for each job; and

f.      Defendant Essex's yearly and/or monthly cost of all benefits provided to Plaintiff, including but not limited to medical insurance, dental insurance, vision insurance, retirement including 401(k) contributions, Defendant Atrium's cost of social security, Defendant Atrium's cost of Medicare, Defendant Essex's cost of federal unemployment, Defendant Atrium's cost of state unemployment and any other employer provided benefits.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that Plaintiff was hired on February 16, 2008, and first separated employment on July 26, 2010, that Plaintiff was hired again on September 20, 2010, and then again separated employment on April 25, 2013, that Plaintiff held the position of Director of Nursing, that Plaintiff's last rate of pay was thirty-three dollars and fourteen cents ($33.14) per hour, that Plaintiff at all times reported to the Administrator of St. Mary's Living Center, and that Plaintiff was eligible for benefits such as a 401K retirement plan, health insurance, and short term disability insurance.  Defendant states further that it is producing documents that contain information responsive to Interrogatory No. 5 and the requested information may be derived or ascertained by an examination of those and other documents that Plaintiff has requested Defendant to produce in this action, and the burden

- 5 -

dms.us.54007518.02

of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant. Therefore, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to such documents.  To the extent Interrogatory No. 5 seeks other or additional information, Defendant objects to Interrogatory No. 5 on the grounds that it is overbroad, unduly burdensome, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Regarding Plaintiff's termination from her employment with Defendant Essex, please provide:

a. All reasons for Plaintiff's termination;

b. Whether Plaintiff was informed of these reasons;

c. The date this information was articulated to Plaintiff;

d. The name of the person(s) who advised Plaintiff of these reasons; and

e. The names, ages, and length of service with Defendant Atrium of the persons who made the decision to terminate Plaintiff's employment.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above, Defendant states that Plaintiff was not discharged by Defendant, but rather voluntarily resigned her employment during the course of an investigation into an allegation that Plaintiff engaged in various inappropriate conduct toward another employee, including that Plaintiff pushed another employee up against a wall at the facility during the course of her employment.  During this investigation, when asked about this inappropriate conduct, Plaintiff did not deny that it occurred.  After speaking with Plaintiff, the employee toward whom Plaintiff acted inappropriately, and other independent witnesses to the incident, the investigation concluded that Plaintiff violated company policy by engaging in inappropriate conduct during the course of her employment.  As a result, had Plaintiff not voluntarily resigned her

employment, her inappropriate conduct would have provided a legitimate reason for the termination of her at-will employment.  Defendant states further that it is producing documents that contain information responsive to Interrogatory No. 6 and the requested information may be derived or ascertained by an examination of those and other documents that Plaintiff has requested Defendant to produce in this action, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for Defendant.  Therefore, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to such documents.  To the extent Interrogatory No. 6 seeks other or additional information, Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad, unduly burdensome, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

If Plaintiff's position was filled or her job duties assumed after her termination, please identify:

    a.    The date the position was filled or job duties were assumed;

    b.    The name and job title of the person(s) who made the decision to fill the position or distribute the job duties among others; and

    c.    The name and birth date of the person(s) filling the position or assuming the job duties.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above, Defendant states that Plaintiff was not discharged by Defendant, but rather voluntarily resigned her employment.  Defendant states further that Erica Niemeyer began working as the Director of Nursing at St. Mary's Living Center on June 7, 2013, that Niemeyer was hired by Lorraine Fischio, St. Mary's' Administrator, and that Niemeyer has reported that her date of birth is in 1979.  To the extent Interrogatory No. 7 seeks other or additional

information, Defendant objects to Interrogatory No. 7 on the grounds that it is overbroad, unduly

burdensome, and seeks information neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence..

**INTERROGATORY NO. 8:** Identify each and every person by name, address and telephone number that Defendant Essex knows or has reason to believe may have any knowledge regarding any of the allegations contained in any paragraph of the Complaint and/or any defenses of Defendant Essex and describe, with respect to each such person, the knowledge possessed or believed to be possessed by each such individual.

**ANSWER:** Subject to and without waiving the Objections Applicable to Each Answer

stated above, and the further objections stated below, Defendant states that it believes the

following individuals have knowledge of facts relating to the allegations in Plaintiff's Complaint

or that Defendant may use to support its defenses, unless solely for impeachment: Plaintiff Jane

Fiely, Lorraine Fischio, Barry Derossett, Bob Huenefeld, Susan Kreuser, Kelsey Quellhorst, Jill

Roby, Ciara McConn, Darla Micheal, Elizabeth Miller, Deanna Kirkpatrick. Plaintiff Jane Fiely

is believed to have knowledge regarding her employment, resignation from employment, and the

allegations in her Complaint. Lorraine Fischio, Barry Derossett, Bob Hunefeld, and Susan

Kreuser have knowledge regarding Defendant's policies and records, Plaintiff's employment, the

separation of Plaintiff's employment, the allegations in Plaintiff's Complaint, and Defendant's

defenses. Kelsey Quellhorst, Jill Roby, Ciara McConn, Darla Micheal, Elizabeth Miller, and

Deanna Kirkpatrick have knowledge regarding Plaintiff's conduct preceding her separation of

employment. Additional responsive individuals are identified in documents that have been

produced in response to Plaintiff's Requests for Production. Defendant states further that

discovery is ongoing, so it reserves the right to supplement and it will identify potential

witnesses in accordance with applicable Court rules and orders. To the extent Interrogatory

No. 8 seeks other or additional information, Defendant objects to Interrogatory No. 8 on the

grounds that it is premature and seeks to impose obligations on Defendant that are different from, or in addition to, those provided by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**  Please identify by name, address and phone number any expert witnesses Defendant Essex intends to call in this matter.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above, and the further objections stated below, Defendant states that it has not determined which expert witnesses it may call in connection with summary judgment proceedings or at trial but that it will provide the requested information to Plaintiff in accordance with the Court's scheduling orders and the applicable Federal Rules of Civil Procedure to the extent it is obligated to do so. To the extent Interrogatory No. 9 seeks other or additional information, Defendant objects to Interrogatory No. 9 on the grounds that it is premature and seeks information protected from disclosure by the attorney-client privilege and/or work product protections.

**INTERROGATORY NO. 10:**  Please identify by name, address, and position held with Defendant Essex the individual(s) responsible for administering and monitoring the FMLA program.

**ANSWER:**  In addition to the Objections Applicable to Each Answer stated above, Defendant objects to Interrogatory No. 10 on the grounds that it is vague, ambiguous, fails to specify with sufficient particularity the information sought, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**  Please state in full and complete detail the procedure that was conducted, concerning Plaintiff's complaints [of] age discrimination, including as part of your answer the following information:

a.   The names, residential addresses, and position with Defendant Essex of all persons involved in the investigation;

b.   The decisions made as a result of the investigation;

c.   A full and complete explanation of the investigation;

d.    A full and complete explanation of the decision made;

e.    Identify all documents used in the investigation;

f.    Identify all documents generated as a result of the investigation;

g.    The names, residential addresses, and positions with Defendant Essex, if applicable, of all persons who were informed of the investigation;

h.    If the investigation conducted with regard to Plaintiff was different from the usual investigation, please explain why the procedure was different, and explain the differences.

i.    The name and residential addresses of all persons interviewed; and

j.    List all trainings or seminars attended by all persons involved in the investigation who investigated or evaluated Plaintiff's claims.  For each training and/or seminar, please provide:

1.    Date(s) attended;
2.    Location;
3.    Copies of all written materials received.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that Plaintiff never complained of age discrimination during her employment with Essex.  To the extent Interrogatory No. 11 seeks other or additional information, Defendant objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to Interrogatory No. 11 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or work product protections.

**INTERROGATORY NO. 12:**  Please state the complete factual basis for Defendants' denial that Plaintiff was hired by Jason Reese in paragraph 13 of Defendants' Answer.

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above, Defendant states that Plaintiff's offer of employment was extended by Matt Russelburg.

**INTERROGATORY NO. 13:**  Please state the complete factual basis for each of the "Additional and Affirmative Defenses" outlined in your Answer filed November 6, 2013.

- 10 -

**ANSWER:**  Subject to and without waiving the Objections Applicable to Each Answer stated above and the further objections stated below, Defendant states that its Additional and Affirmative Defenses are based on facts including, but not limited to, the following:  Plaintiff resigned her employment;  Defendant did not discharge Plaintiff or take any other actionable adverse action against Plaintiff; Plaintiff did not request to use Family and Medical Leave or notify Defendant that she intended to apply for or take leave under the Family and Medical Leave Act; Plaintiff was never denied leave under the Family and Medical Leave Act; Plaintiff's alleged illness does not constitute a serious health condition under the Family and Medical Leave Act; Plaintiff's claimed injuries arose out of and in the course of her employment; Defendant acted in good faith at all times, and all decisions made by Defendant and all actions relating in any way to Plaintiff were legitimate, non-discriminatory, and non-retaliatory.  To the extent Interrogatory No. 13 seeks other or additional information, Defendant objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to Interrogatory No. 13 to the extent it seeks access to the theories and mental impressions of counsel or other information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

- 11 -

## VERIFICATION OF ANSWERS

I, Barry Derossett, swear under penalty of perjury that: (1) I have read the foregoing response to Plaintiff's First Set of Interrogatories; (2) some of the matters stated are not within my personal knowledge and I believe that no individual has personal knowledge of all stated matters; (3) to the extent I do not have personal knowledge of such matters, the responses are based on information provided by others authorized to do so; (4) I believe the responses, subject to inadvertent or undiscovered errors, are based on and therefore, limited by records and information in existence, presently recollected and thus far discovered in the course of the preparation of these answers; (5) that, consequently, I reserve the right to make changes in the answers and/or objections if it appears at any time that omissions and errors have been made or that more accurate information is available; and (6) I believe that the facts stated in the responses are true.

Dated this __17th__ day of April, 2014

dms.us.54007518.02dms.us.54007518.01

As to objections:

FAEGRE BAKER DANIELS LLP

By: _____

    Brian R. Garrison (Indiana #26367-49)
    Matthew A. Brown (Indiana #31243-49)

300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-mail: brian.garrison@faegrebd.com
        matthew.brown@faegrebd.com

Attorneys for Defendants


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of April, 2014, a copy of the

foregoing was served by U.S. Mail upon:

    John D. Franklin
    Kera L. Paoff
    **WIDMAN & FRANKLIN, LLC**
    405 Madison Avenue, Suite 1550
    Toledo, OH 63604

_____

dms.us.54007518.02