UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE FIELY, | ) | Case No. 3:13-cv-02005 |
| | ) | |
| Plaintiff, | ) | Judge Carr |
| | ) | Mag. Judge Armstrong |
| v. | ) | |
| | ) | |
| ESSEX HEALTHCARE | ) | |
| CORPORATION and ATRIUM | ) | |
| LIVING CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF BARRY DEROSSETT

I, Barry DeRossett, declare and state as follows:

1. I am over 18 years of age and make this Declaration voluntarily and of my own free will.

2. I have personal knowledge of and am competent to testify as to the matters in this declaration.

3. I am employed with Atrium Centers, Inc. ("Atrium") as a Regional Director of Operations.

4. I have been employed with Atrium since October 2006. From October 2006 to February 2011, I held the position of Regional Director of Clinical Services.

5. In September 2010, I held the position of Regional Director of Clinical Services and, at that time, I had responsibility for clinical operations at St. Mary's Living Center ("St. Mary's") in St. Mary's, Ohio.

6. I began as the Regional Director of Operations in February 2011 and I have served in that role at all times since then. Since I have held the position of Regional Director of Operations, I have had operational responsibility for St. Mary's.

7. On April 20, 2013, Lorraine Fischio, the Administrator at St. Mary's, informed me of an incident that was reported to her by a State Tested Nursing Aide ("STNA") at St. Mary's. Fischio told me that the STNA reported that there had been an incident at St. Mary's in which the Director of Nursing ("DON"), Jane Fiely, grabbed and pushed the STNA.

8. Because the allegation from the STNA was that Fiely engaged in inappropriate physical contact with another employee, I informed Susan Kreuser, Atrium's Vice President of Human Resources.

9. Bob Huenefeld, Atrium's Regional Director of Human Resources, conducted an investigation into the STNA's report. He memorialized the findings of his investigation in a memorandum that he sent to me.

10. Due to the investigation's conclusion regarding Fiely's conduct on April 19 toward the St. Mary's STNA, as well as the statements from other St. Mary's employees regarding that conduct and the fact that Fiely had been counseled previously regarding her conduct toward other employees, I decided that Fiely's employment at St. Mary's would end.

11. In making this decision, I considered Huenefeld's investigation memorandum, the written statements from St. Mary's employees about the April 19 incident, and a discussion I had had with Fiely the day before the incident.

12. I did not consider Fiely's age during my decision-making process.

Pursuant to 28 U.S.C. § 1746, I, Barry DeRossett, state under the penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2014, at 4:00 pm est.

Barry DeRossett