UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE FIELY, | ) | Case No. 3:13-cv-02005 |
| | ) | |
| Plaintiff, | ) | Judge Carr |
| | ) | Mag. Judge Armstrong |
| v. | ) | |
| | ) | |
| ESSEX HEALTHCARE | ) | |
| CORPORATION and ATRIUM | ) | |
| LIVING CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF LORRAINE FISCHIO

I, Lorraine Fischio, declare and state as follows:

1. I am over 18 years of age and make this Declaration voluntarily and of my own free will.

2. I was employed as the Administrator at St. Mary's Living Center ("St. Mary's") from December 2010 to April 2014.

3. In my position, I was responsible for overseeing the day- to- day functions of the facility.

4. On April 20, 2013, State Tested Nursing Aide ("STNA") Kelsey Quellhorst ("Quellhorst") reported to me that there had been an incident at the facility on the evening of April 19, 2013, during which St. Mary's' Director of Nursing ("DON"), Jane Fiely ("Fiely"), grabbed and pushed her.

5. I also received a written statement from Quellhorst regarding the incident at the facility with Fiely on the evening of April 19, 2013.

6. I asked St. Mary's employees Jill Roby, Ciara McConn, Darla Micheal, Elizabeth Miller, and Deanna Kirkpatrick to provide written statements that detailed what, if anything, they witnessed during the April 19 incident involving Fiely and Quellhorst.

7. Other than gathering and submitting the initial written statements from St. Mary's' employees, I was not involved in the investigation into the April 19 incident involving Fiely and Quellhorst.

8. I did not make the decision about what, if anything, would happen to Fiely's employment as a result of the investigation into the April 19 incident involving Fiely and Quellhorst.

9. After Fiely's employment ended, I was involved in searching for a new DON at St. Mary's.

10. In June 2013, Erika Niemeyer was selected to be St. Mary's' DON.

11. I was involved in selecting Niemeyer to fill this position.

12. Niemeyer was selected because she was well-qualified for the DON position.

13. Niemeyer's age played no role in her selection for this position.

Pursuant to 28 U.S.C. § 1746, I, Lorraine Fischio, state under the penalty of perjury that the foregoing is true and correct.

Executed on October 14th, 2014, at Napoleon, Ohio.

_____
Lorraine Fischio

3